UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF11, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FF11,<br><br>Plaintiff,<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited-liability company; LAMPLIGHT SQUARE @ CORONADO RANCH, LLC, a Nevada limited-liability company; LAMPLIGHT SQUARE @ CORONADO RANCH HOMEOWNERS' ASSOCIATION, a Nevada non-profit corporation; and ALESSI & KOENIG, LLC, a Nevada limited-liability company,<br><br>Defendants. | Case No. 2:17-cv-01504-RFB-CWH<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court is Defendant SFR Investments Pool 1, LLC's ("SFR's") Motion to Dismiss. ECF No. 41. For the reasons stated below, the Court grants the Motion to Dismiss as to all of the claims except the unjust enrichment claim.

## II. FACTUAL BACKGROUND

The Court summarizes the facts alleged in Deutsch Bank's complaint. ECF No. 1.

On May 18, 2006, a deed of trust was recorded subsequent to a borrower's purchase of a property located at 6238 Tillman Crest Avenue, Las Vegas, Nevada 89139, NV 89074 (APN 176-

14-613-035) ("the Property"). The beneficial interest was later transferred to Deutsche Bank on or about October 17, 2011.

On or about September 30, 2010, a Notice of Delinquent Assessment was submitted on behalf of the HOA for outstanding amounts owed and recorded with the Recorder's Office as Instrument Number 201009300001914.

On or about February 10, 2011, a Notice of Default and Election to Sell under Homeowners Association Lien was submitted on behalf of the HOA for outstanding amounts owed as of February 7, 2011 and was recorded with the Recorder's Office as Instrument Number 201102100002884.

On or about August 1, 2011, a Notice of Trustee's Sale was submitted on behalf of the HOA for the outstanding amounts owed and was recorded in the Recorder's Office as Instrument Number 20110801-0002248. The Notice of Trustee's Sale set a foreclosure date of August 31, 2011.

On or about August 30, 2011, the Borrower filed a Voluntary Petition with the United States Bankruptcy Court, District of Nevada, as Case Number 11-23710-bam. The Bankruptcy Petition, which was served on the HOA, identified the Property as an asset of the bankruptcy estate. The HOA was listed as a creditor in the bankruptcy.

On January 17, 2012, Deutsche Bank moved for relief from the automatic stay with respect to its interest in the Property. On February 22, 2012, the Bankruptcy Court issued an order granting relief from the automatic stay to Deutsche Bank with respect to the Property.

On or about February 28, 2012, a Notice of Trustee's Sale was submitted on behalf of the HOA pursuant to the September 30, 2010 Notice of Delinquent Assessment listing outstanding amounts owed and was recorded in the Recorder's Office as Instrument Number 201202280001041. The Notice of Trustee's Sale set a foreclosure date of March 21, 2012.

On or about February 14, 2013, a Trustee's Deed upon Sale was recorded with the Recorder's Office as Instrument Number 201302140003174, documenting the purchase of the Property at public auction on July 18, 2012.

### III. PROCEDURAL BACKGROUND

Deutsche Bank filed its complaint on May 26, 2017. ECF No. 1. Lamplight at Coronado Ranch Homeowners' Association ("the HOA") filed its answer on August 3, 2017. ECF No. 14.

On August 28, 2017, SFR filed a Motion to Dismiss. ECF No. 24. The HOA joined the motion. ECF Nos. 25, 26.

The Court entered a scheduling order on September 20, 2017. ECF No. 30.

On March 23, 2018, the Court denied the pending motion to dismiss without prejudice and issued a stay in the case pending the Nevada Supreme Court's decision on a certified question of law regarding NRS 116's notice requirement in Bank of N.Y. Mellon v. Star Hill Homeowners Ass'n, Case No. 2:16-cv-02561-RFB-PAL. ECF No. 38. The Nevada Supreme Court published an answer to the certified question on August 2, 2018. SFR Investments Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248 (Nev. 2018).

On August 23, 2018, SFR filed a Renewed Motion to Dismiss. ECF No. 41. The HOA again joined the motion. ECF No. 42.

The Court will now lift the stay in this case and consider the pending motion.

### IV. LEGAL STANDARD

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

/ / /

/ / /

3

## V. DISCUSSION

SFR, joined by the HOA, argues that Deutsche Bank's complaint is time-barred pursuant to a three-year statute of limitations. Deutsche Bank argues in response that a five-year statute of limitations applies to its complaint.

Accepting the allegations in the complaint as true, the Court determines whether "the running of the statute is apparent on the face of the complaint." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006) (citation omitted). A complaint may be dismissed as untimely only where "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995).

For statute of limitations calculations, time is computed from the day the cause of action accrued. Clark v. Robison, 944 P.2d 788, 789 (Nev. 1997). Deutsche Bank alleges that the foreclosure sale occurred on July 18, 2012. The Court finds that all of the Plaintiff's claims, except for the unjust enrichment claim, began to run on the date of the foreclosure sale as these claims all stem from issues or disputes regarding the sale and its effect. The complaint was filed on May 26, 2017, over four years later. Contrary to Plaintiff's argument, the claim did not accrue on September 18, 2014, the date of the Nevada Supreme Court decision in SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408 (Nev. 2014). The Nevada Supreme Court has held that SFR Investments applies retroactively and constitutes an interpretation of NRS 116.3116 rather than a change in law. K&P Homes v. Christiana Trust, 133 Nev. Adv. Op. 51 (July 27, 2017).

The Court finds that the applicable three- and four- year statutes of limitations pursuant to Nevada law foreclose all claims in Deutsche Bank's complaint, except for the unjust enrichment claim. Insofar as Deutsche Bank's pleading relates to any right protected by NRS 116.3116 and the violation of that right, Deutsche Bank's claims carry a three-year statute of limitations pursuant to NRS 11.190(3)(a), which applies to actions upon a liability created by statute. Insofar as Deutsche Bank seeks relief based on alleged unconstitutionality, or on equitable grounds, Deutsche Bank's claims fall within the four-year catch-all provision at NRS 11.220 and are similarly foreclosed.

The Court finds the Deutsche Bank is not entitled to the five-year statute of limitations for certain quiet title actions pursuant to NRS 11.070 and 11.080. The statute of limitations provided by these code sections only apply when the plaintiff actually "was seized or possessed of the premises." Nev. Rev. Stat. §§ 11.070, 11.080; see also Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A., 388 P.3d 226, 232 (Nev. 2017) (NRS 11.080); Bissell v. Coll. Dev. Co., 469 P.2d 705, 707 (Nev. 1970) (NRS 11.070). NRS 11.070 and 11.080 do not apply to claims by parties that held only a lien interest, not title. For the same reason, the exclusion of actions "for the recovery of real property" from the three-year limitation in NRS 11.190(3)(a) does not implicate Deutsche Bank's action; Deutsche Bank seeks to recover only a lien interest in a real property rather than physical possession.

The Court also finds that it cannot clearly determine from the complaint when the statute of limitations began to run on the unjust enrichment claim. While it may be quite likely that it began to run outside of the statute of limitations period, the Court cannot make that determination at this time. The Court therefore denies the motion only as to this claim.

### VI. CONCLUSION

**IT IS ORDERED** that the stay in this case is LIFTED.

**IT IF FURTHER ORDERED** that SFR Investments Pool 1, LLC's Renewed Motion to Dismiss (ECF No. 41) is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that this case will be subject to an expedited discovery schedule of 60 days. The parties shall submit a proposed joint discovery plan scheduling order by April 12, 2019.

DATED: March 31, 2019.

RICHARD F. BOULWARE, II
UNITED STATES DISTRCIT JUDGE